**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JIMMY HARRIS, | : | **Hon. Noel L. Hillman** |
| | : | |
| Petitioner, | : | Civil No. 11-7472 (NLH) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| DONNA ZICKEFOOSE, | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

> JIMMY HARRIS, #30032-050
> FCI Fort Dix
> P.O. Box 2000
> Fort Dix, New Jersey  08640
> Petitioner Pro Se

> JOHN ANDREW RUYMANN, ASSISTANT UNITED STATES ATTORNEY
> PAUL J. FISHMAN, UNITED STATES ATTORNEY
> 402 E. State Street, Suite 430
> Trenton, New Jersey  08608
> Attorney for Respondents

**HILLMAN,** District Judge:

Petitioner Jimmy Harris, an inmate at FCI Fort Dix in New Jersey, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his projected release date by the Bureau of Prisons ("BOP").  The BOP filed an Answer seeking dismissal of the Petition, together with declarations and several exhibits.  Petitioner filed a Reply. This Court will dismiss the Petition because Petitioner has not shown that the BOP abused its discretion or violated federal law in calculating his projected release date.

## I.  BACKGROUND

Petitioner argues that the BOP abused its discretion, violated due process, and violated the New Jersey court's judgment of conviction in denying his request to *nunc pro tunc* designate a state facility as the place of federal incarceration during the 15-month period from May 29, 2009, through August 23, 2010.

Petitioner was arrested by New Jersey on May 29, 2009.  On June 3, 2009, the United States Marshal Service took temporary custody of Petitioner pursuant to a writ of habeas corpus ad prosequendum.  See United States v. Harris, Crim. No. 09-0736-01 (DMC) (D.N.J. filed Sept. 28, 2009).  On September 28, 2009, Petitioner entered a guilty plea to a one-count information charging him with conspiracy to commit fraud in connection with access devices, contrary to 18 U.S.C. § 1029(a)(5) & (b)(2).  On January 25, 2010, Judge Cavanaugh imposed a 58-month term of imprisonment, and the Marshal returned Petitioner to New Jersey custody.  See United States v. Harris, Crim. No. 09-0736-01(DMC) judgment (D.N.J. Jan. 26, 2010).

On March 26, 2010, the Superior Court of New Jersey imposed a three-year sentence for possession of a controlled dangerous substance.  On August 23, 2010, New Jersey released Petitioner on parole to federal custody.  (Dkt. 6-1 at 15.)

In December 2010, Petitioner filed an administrative remedy request seeking prior custody credit for the time he served in the custody of New Jersey.  The warden denied the request on December 21, 2010.  Petitioner appealed, and on March 31, 2011, C. Eicherlaub, Regional Director of the BOP's Mid-Atlantic Region, denied the appeal, but forwarded Petitioner's request to the Designation and Sentence Computation Center for review under Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence.  (Dkt. 6-2 at 14.)  Petitioner appealed to the Central Office.

On June 29, 2011, Jose A. Santana, Chief of the BOP's Designation and Sentence Computation Center, sent a letter to Judge Cavanaugh stating that Petitioner had requested *nunc pro tunc* designation of the New Jersey facility for service of his federal sentence and giving Judge Cavanaugh an opportunity to indicate his position with respect to retroactive designation. (Dkt. 6-1 at 21-22.)  In the absence of a response from Judge Cavanaugh, on September 1, 2011, the BOP denied Petitioner's request for *nunc pro tunc* designation based on the nature and circumstances of Petitioner's federal offense, his history and characteristics, and the absence of a statement by Judge Cavanaugh supporting *nunc pro tunc* designation.  (Dkt. 6-1 at 24.)  On September 26, 2011, Harrell Watts, Administrator of the

BOP's National Inmate Appeals, denied Petitioner's administrative appeal:

> This is in response to your Central Office Administrative Remedy Appeal, wherein you request a nunc pro tunc or retroactive concurrent designation to the State of New Jersey for service of your federal sentence. You make this request to effectuate the application of custody credit for time spent in state custody, contending the state intended its sentence to run concurrent to the federal term.

> Relevant documentation was reviewed regarding your state and federal sentences . . . in accord with the 1990 decision in <u>Barden v. Keohane</u>. That is, we contemplated the factors delineated in 18 U.S.C. § 3621(b) to include your instant federal offense, multiple and repetitive state convictions for possession for Controlled Dangerous Substance with Intent to Distribute and Possession of a Weapon. Additionally, § 3584 requires multiple terms of imprisonment imposed at different times run consecutively unless the court stipulates otherwise. We note the federal judgment order was silent and the sentencing court was contacted regarding its position on a retroactive designation. However, the court maintains its silence.

> Lastly, Program Statement 5160.05, <u>Designation of State Institution for Service of Federal Sentence</u>, permits designations effecting concurrent service of state and federal sentences only when doing so is consistent with the intent of the sentencing federal court or the goals of the criminal justice system. Following our review, we determined commencement of your federal sentence by way of a concurrent designation would be inconsistent with the foregoing. Accordingly your request for a nunc pro tunc designation would not be[]appropriate. Your appeal is denied.

(Dkt. 6-2 at 17.)

Harris filed this § 2241 Petition on December 19, 2011. He contends that the BOP abused its discretion and violated federal law in denying his request to *nunc pro tunc* designate a state

4

facility as the place of federal confinement for the 15-month period from his arrest on May 29, 2009, until New Jersey released him on parole on August 23, 2010.  The BOP filed an Answer, two declarations, and numerous exhibits, seeking dismissal of the Petition because the BOP did not abuse its discretion or violate federal law.  Petitioner filed a Reply, which included the judgment of conviction entered in the Superior Court of New Jersey on March 26, 2010 in <u>State v. Harris</u>, Ind. No. 1954-11-09 judgment (N.J. Super. Ct., Law Div., Mar. 26, 2010), which imposes a three-year term of imprisonment for possession of CDS "to be served concurrently with Federal Sentence."  (Dkt. 7 at 9.)

## II.  DISCUSSION

### A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989).  This Court has subject matter jurisdiction under § 2241 to consider the instant Petition

because Petitioner challenges the calculation of his sentence on federal grounds and he was incarcerated in New Jersey at the time he filed the Petition.  See Blood v. Bledsoe, 648 F. 3d 203 (3d Cir. 2011); Vega v. United States, 493 F. 3d 310, 313 (3d Cir. 2007); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241  (3d Cir. 2005).

B.  Standard of Review

Insofar as the BOP reviewed Petitioner's request for *nunc pro tunc* designation, this Court's review is limited to the abuse of discretion standard.  See Galloway v. Warden of FCI Fort Dix, 385 Fed. App'x 59, 61 (3d Cir. 2010); Barden, 921 F. 2d at 478. Under this standard, a reviewing court must find that the actual choice made by the agency was neither arbitrary nor capricious. See C.K. v. N.J. Dep't of Health & Human Services, 92 F.3d 171, 182 (3d Cir. 1996).  "[A]gency action must be set aside if the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law'...." Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 414 (1971), overruled on other grounds, Califano v. Sanders, 430 U.S. 99 (1977) (quoting 5 U.S.C. § 706(2)(A)).  To make a finding that agency action was not arbitrary or capricious, or an abuse of discretion, a court must review the administrative record that was before the agency, and "must consider whether the decision was based on a consideration of the relevant factors and whether there has been

6

a clear error of judgment. . . . Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The Court is not empowered to substitute its judgment for that of the agency." Overton Park, 401 U.S. at 416. Reversal of agency action is warranted "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if [the court] simply cannot evaluate the challenged agency action on the basis of the record before [it]." C.K., 92 F.3d at 184 (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)).

D.  Analysis

The United States Code specifies when a federal sentence commences, see 18 U.S.C. § 3585(a), and requires the BOP to award prior custody credit for time served prior to commencement of the sentence which has not been credited against another sentence, see 18 U.S.C. § 3585(b). Specifically, § 3585 provides, in relevant part:

> (a) **Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) **Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

  (1) as a result of the offense for which the
sentence was imposed; or

  (2) as a result of any other charge for which
the defendant was arrested after the
commission of the offense for which the
sentence was imposed;

  that has not been credited against another
sentence.

18 U.S.C.A. § 3585 (a), (b).

  Section 3621(b) gives the BOP the authority to designate the

place of imprisonment once a federal sentence commences:

  (b) **Place of imprisonment.**-- The Bureau of Prisons
shall designate the place of the prisoner's
imprisonment.  The Bureau may designate any available
penal or correctional facility that meets minimum
standards of health and habitability. . . . , that the
Bureau determines to be appropriate and suitable,
considering--

  (1) the resources of the facility contemplated;

  (2) the nature and circumstances of the offense;

  (3) the history and characteristics of the prisoner;

  (4) any statement by the court that imposed the
sentence [that articulated the purpose behind the
sentence or offered a recommendation for placement]
. . .
  (5) any pertinent policy statement issued by the
Sentencing Commission pursuant to section 994(a)(2) of
title 28.

18 U.S.C. § 3621(b).

  The question is whether the BOP abused its discretion under

Barden in denying *nunc pro tunc* designation for 15 months from

May 29, 2009 (date of state arrest) through August 23, 2010 (date

of state parole), where all of this time was credited to

Petitioner's New Jersey sentence and § 3585(b) prohibits the BOP from granting prior custody credit for time credited against a state sentence.

In Barden, the state arrested Barden on April 28, 1975; on October 21, 1975, the federal court imposed a 20-year sentence; on November 12, 1975, the state court imposed a sentence of 11 to 30 years to run concurrently with the federal sentence; on December 15, 1986, the state paroled Barden to federal officials; and on February 12, 1987, Barden arrived at the federal facility. See Barden, 921 F. 2d at 478.  The BOP denied Barden's request for double credit on the ground that it lacked the statutory authority to do so.  The Third Circuit granted Barden a writ of habeas corpus and remanded to the BOP, holding that the BOP mistakenly failed to recognize its discretion to *nunc pro tunc* designate a state facility under 18 U.S.C. § 3621(b) as a place of federal confinement where the inmate could gain credit against his federal sentence for time which Barden served in the state facility.  The Third Circuit explained its reasoning:

> We agree with Barden that the federal government has the statutory authority to make the *nunc pro tunc* designation Barden desires.  On this record, Barden is entitled to a writ of habeas corpus to compel the Bureau to consider his case.  We do not pass upon Barden's contention that he is entitled to a favorable exercise of the broad discretion the Federal Bureau of Prisons (Bureau) has in acting on his request. Instead, we hold only that the federal authorities have an obligation . . . to look at Barden's case and exercise the discretion [18 U.S.C. § 3621(b)] grants the Bureau to decide whether the state prison in which

> he served his sentence should be designated as a place
> of federal confinement *nunc pro tunc*.  The answer to
> that question will depend on the Bureau's practice in
> making such designations, as well as its assessment of
> Barden's conduct in custody, the nature of his crime
> and all the other factors that govern penal
> authorities' consideration of a prisoner's request for
> relief from the strict enforcement of his sentence.

Barden, 921 F. 3d at 478 (footnote omitted).

"In calculating a federal sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence."  Blood, 648 F. 3d at 207.  Pursuant to § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).

In United States v. Wilson, 503 U.S. 329, 333 (1992), decided two years after Barden, the Supreme Court emphasized that "the final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.'"  Similarly, in Rios v. Wiley, 201 F.3d 257 (3d Cir. 2000), the Third Circuit ruled that § 3585(b) does not permit the BOP to grant credit against a federal sentence for time that has been credited against defendant's state sentence, even though the defendant was writted to the control of federal authorities while awaiting federal trial.  Id. at 274 ("[A]s the BOP correctly argues, the law on this point is

clear: a prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner").

Upon review of the record in this case, this Court finds that Petitioner has not shown that he is entitled to habeas relief. The BOP reviewed his request for *nunc pro tunc* designation under the factors listed in § 3621(b), relied on § 3621(b)(2), the nature of his federal crime; § 3621(b)(3) Petitioner's history and characteristics; and § 3621(b)(4), silence of the sentencing court. (Dkt. 6-1 at 24.) The BOP considered Petitioner's request, applied the appropriate statutory factors, and did not act arbitrarily, capriciously, or contrary to law. See Eccleston v. United States, 390 Fed. App'x 62 (3d Cir. 2010); Galloway v. Warden of F.C.I. Fort Dix, 385 Fed. App'x 59 (3d Cir. 2010).

In his Reply, Petitioner argues that the BOP abused its discretion in failing to consider the New Jersey court's order that the New Jersey sentence run concurrently to the federal sentence. Specifically, he maintains: "While the state judge's ruling is not binding on the Bureau of Prisons, the Petitioner asserts that by failing to consider the state judge[']s ruling, the Bureau of Prisons abused its discretion." (Dkt. 7 at 5.) However, the record shows that the BOP did consider the New

Jersey court's determination that its sentence run concurrently
with the federal sentence.  The final administrative decision
issued by Harrell Watts expressly references that argument:  "You
make this request to effectuate the application of custody credit
for time spent in state custody, contending the state intended
its sentence to run concurrent to the federal term."  (Dkt. 6-2
at 17.)  Moreover, <u>Barden</u> does not require the BOP to give any
particular weight to the state judge's intention.  <u>See</u> <u>Barden</u>,
921 F.2d 478 n.4 ("[N]either the federal courts nor the Bureau
are bound in any way by the state court's direction that the
state and federal sentences run concurrently").

 Petitioner further argues that the BOP abused its discretion
in failing to mention that the possession of a weapon offense
occurred 25 years ago and five of his six controlled substance
offenses occurred over 14 years ago.  (Dkt. 7 at 6.)  However,
the failure to mention the specific dates of Petitioner's prior
convictions does not constitute an abuse of discretion,
particularly since the BOP's worksheet applying the § 3621(b)
factors does mention his clear conduct record during his federal
incarceration and accurately states that his "criminal history
includes convictions for:  possession of a weapon, and possession
of a controlled substance (6 times)."  (Dkt. 6-1 at 24.)

 Harris has not shown that the BOP abused its discretion in
denying his request for *nunc pro tunc* designation.  This Court

will accordingly dismiss the Petition.  See Eccleston v. United States, 390 Fed. App'x 62 (3d Cir. 2010); Galloway v. Warden of F.C.I. Fort Dix, 385 Fed. App'x 59 (3d Cir. 2010).

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition.


                              s/ Noel L. Hillman
                              **NOEL L. HILLMAN, U.S.D.J.**


Dated:    September 18   , 2012

At Camden, New Jersey

13