**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| JIMMY HARRIS, | Hon. Noel L. Hillman |
|       Petitioner, | |
| | Civ. No. 11-7472 (NLH) |
|    v. | |
| DONNA ZICKEFOOSE, | OPINION |
|       Respondents. | |

---

**APPEARANCES:**

    JIMMY HARRIS, #30032-050
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

    JOHN ANDREW RUYMANN, ASSISTANT UNITED STATES ATTORNEY
    PAUL J. FISHMAN, UNITED STATES ATTORNEY
    402 E. State Street, Suite 430
    Trenton, New Jersey  08608
    Attorney for Respondents

**HILLMAN**, District Judge:

Before this Court is Petitioner's motion to reconsider this Court's Order dismissing his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  For the reasons expressed below, this Court will deny the motion.

**I.  BACKGROUND**

Petitioner Jimmy Harris, an inmate at FCI Fort Dix in New Jersey, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his projected release date by

the Bureau of Prisons ("BOP").  Petitioner argued in the Petition that the BOP had abused its discretion, violated due process, and violated the New Jersey court's judgment of conviction in denying his request under Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), to *nunc pro tunc* designate a New Jersey facility as the place of federal incarceration during the 15-month period from May 29, 2009 (date of New Jersey arrest), through August 23, 2010 (date of New Jersey parole), where all of this time was credited to Petitioner's New Jersey sentence.  After reviewing the Answer and Petitioner's Reply, on September 18, 2012, this Court dismissed the Petition because Harris failed to show that the BOP abused its discretion or violated federal law in rejecting his request for a *nunc pro tunc* designation under Barden.

Petitioner signed (and filed under the mailbox rule) his motion for reconsideration on September 25, 2012.  Petitioner states that he "is now returning to this Court asking for jail credit under the Willis/Kayfez method."  (Dkt. 10 at 1.)  Harris contends that he qualifies for Willis credits from June 3, 2009, to January 25, 2010.  Id. at 2.  He "ask[s] this Court to review 'Willis' credits [and] then reconsider its denial of his 28 U.S.C. § 2241 petition in which he sought jail credit."  Id.

2

## II.  DISCUSSION

A.  Standard for Motion for Reconsideration

"The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  A proper motion for reconsideration must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.  See N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

B.  Analysis

Petitioner's motion for reconsideration is not based on an intervening change in controlling law, new evidence, or the need to correct clear error of law or prevent manifest injustice.  Rather, by way of his motion, Petitioner is attempting to present an entirely new claim for relief, i.e., he is entitled to 257 days credit (June 3, 2009, to January 25, 2010) against his term of imprisonment under Willis v. United States, 438 F.2d 923 (5th Cir. 1971), Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1983), and Program Statement 5880.28(2)(c).  In Willis v. United States, 438 F.2d 923 (5th Cir. 1971), Willis filed a § 2241 petition seeking credit on his federal sentence for time spent in state custody prior to federal sentencing.  The Fifth Circuit held that if petitioner "was denied release on bail

[by the state] because the federal detainer was lodged against him, then that was time spent in custody in connection with the (federal) offense."  Willis v. United States, 438 F.2d at 925 (citation and internal quotation marks omitted).  A Willis claim under § 2241 is based on a factual scenario (denial by the state of pre-trial release on bail due to a federal detainer) and a legal theory which are different from and unrelated to a claim under Barden.  Since Harris's Petition did not include a Willis claim and respondent's answer did not respond to a Willis claim, it would be improper for this Court to now amend the Petition to add a Willis claim.  Moreover, Harris is free to raise a Willis claim in a new § 2241 petition, provided he has first exhausted the claim through the Administrative Remedy Program.[1]  Because Harris's motion for reconsideration is not based on an intervening change in controlling law, the availability of new evidence, or the need to correct clear error of law or prevent manifest injustice, this Court will deny the motion for reconsideration.

---

[1] Petitioner's projected release date is November 7, 2014.  See BOP Inmate Locator, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=30032-050&x=72&y=18 (Dec. 18, 2012).  Therefore, Petitioner has sufficient time remaining on his sentence to (1) exhaust administrative remedies on his Willis claim and (2) benefit from a 257-day credit in the event that his Willis claim is meritorious.

## III.  CONCLUSION

For the reasons set forth above, the Court will deny the motion for reconsideration.

                                             s/ Noel L. Hillman
                                             **NOEL L. HILLMAN, U.S.D.J.**

Dated:   December 18, 2012

At Camden, New Jersey